JONES *v.* SCHAFFER.

1. COVENANTS—CASES DETERMINED ON OWN PARTICULAR FACTS.
   Each case involving a claimed violation of a building restriction covenant must, in the main, be decided on its own particular facts.

2. SAME—PROTECTION OF NONVIOLATORS.
   Courts will protect property owners who have not themselves violated restrictions in the enjoyment of their homes and holdings, free from inroads by those who attempt to invade restricted residential districts and exploit them under some specious claim that others have violated the restrictions, or business necessities have nullified them.

3. SAME—RESIDENCE RESTRICTIONS—BENEFIT TO OBJECTORS—ESTOPPEL.
   Defendants were properly enjoined from using their premises as a multiple dwelling or rooming house, where it was located on lot in subdivision restricted to single-residence use and such restriction remains of substantial benefit to plaintiffs, notwithstanding no objections had been made to such use by prior owners for 17 years in the absence of testimony showing violations elsewhere in subdivision or as to when plaintiff property owners first had knowledge of the rooming house situation and restriction.

Appeal from Wayne; Culehan (Miles N.), J. Submitted October 4, 1951. (Docket No. 29, Calendar No. 45,203.) Decided January 7, 1952.

Bill by Arthur Clark Jones and others against George Schaffer and others to restrain violation of

---

REFERENCES FOR POINTS IN HEADNOTES

[3] 14 Am Jur, Covenants, Conditions and Restrictions §§ 246, 340.
[3] Multiple residence structures as violations of restrictive covenants. 14 ALR2d 1376.
   Laches or delay in bringing suit as affecting right to enforce restrictive building covenants. 12 ALR2d 394.

use restrictions. Decree for plaintiffs. Defendants appeal. Affirmed.

*Charles F. Welsh* and *Bruce Daines,* for plaintiffs.

*Chester Smith,* for defendants.

Bushnell, J.   This is an appeal from a decree restraining violations of restrictions upon the use of property in City Heights subdivision in the city of Highland Park, Michigan.   This subdivison consists of 6 business lots fronting on the east side of Woodward avenue and 114 residential lots located on the north and south sides of Tennyson avenue, between Woodward and Oakland avenues.

Defendant Stanford Givhan purchased lot 84 on a land contract from defendant George Schaffer and Patricia Schaffer, his wife, in June of 1948.   Defendants Drennon, Estell, Palmer, Fountain, and Westbrook are land contract purchasers from Givhan.   Defendants Schaffer and wife were dismissed because they were beyond the jurisdiction of the court.

Plaintiffs Arthur Clark Jones and Veva B. Jones, his wife, are the title owners of lot 47, directly opposite defendants' property.   Some of the other plaintiffs who joined with Jones in his bill of complaint to enforce the restrictions were dismissed before trial.

The restrictions of record with respect to lot 84 first appear in a deed recorded on November 2, 1912. Those restrictions are:

"This deed is given and accepted on the express condition that the premises hereby conveyed shall be used for residence purposes only, and no house shall be built or maintained on said premises except a single house not less than 2 stories high and costing not less than $2,500, and no building shall be erected

on said premises within 22 feet from the line of Saint John avenue (now Tennyson), as shown on the plat of said property."

Similar restrictions appear in other deeds from "original subdividers and common owners."

Defendant Givhan permitted his second contract purchasers to occupy the premises which had been altered for use as a multiple dwelling or rooming house in violation of the restrictions of record. However, he offered the defenses of waiver, laches and change in the character of the neighborhood, and argued that the property had been occupied and used for 14 years and upwards in the same manner by his vendors.

We have repeatedly said, as we did in *Putnam* v. *Ernst,* 232 Mich 682, that in deciding cases involving restrictive covenants: "In the main, each case must be determined on its own facts."

The rule enunciated in *Swan* v. *Mitshkun,* 207 Mich 70, 76, is applicable here:

"It is the policy of the courts of this State to protect property owners who have not themselves violated restrictions in the enjoyment of their homes and holdings, free from inroads by those who attempt to invade restricted residential districts and exploit them under some specious claim that others have violated the restrictions, or business necessities nullified them."

The facts in the instant case are sufficiently comparable to those in *Carey* v. *Lauhoff,* 301 Mich 168, to make that decision controlling here. The Court said:

"It does not appear that there are any violations of the scope and character of that with which defendant is charged. No one is operating a general boarding house, with numerous roomers, although in some 2 or 3 instances the occupant of a residence may be

from time to time renting 1 or 2 rooms. Surely the condition in this particular block is not such as to constitute a waiver of or an estoppel against enforcement of the restriction by other property owners."

We are in accord with the following observations of the trial judge:

"There were no outward appearances showing or tending to show that this street has changed in character from a strictly high-class residential street to a business or rooming house section as a whole. * * *

"There is no testimony in this record to indicate that there has been any change in the neighborhood. None of these buildings, so far as you can observe, has been reconstructed or torn down or rebuilt—no outward signs at all."

Defendants argue that the premises have existed as a 5-family unit for upwards of 17 years, and that no objections had ever been made. There is testimony in the record respecting light-housekeeping licenses issued by the council of Highland Park to Schaffer at 190 Tennyson avenue (lot 84), on March 10, 1947, May 19, 1947, and May 24, 1948. But there is no testimony indicating that these licenses were brought to the attention of plaintiffs. Neither is there any testimony in the record as to when plaintiffs first became aware of the rooming-house situation.

"As a rule, we will uphold a restriction wherever it remains of any substantial benefit to the parties objecting to its violation, provided they are not estopped by their conduct from making such objection." *Taylor Avenue Improvement Ass'n* v. *Detroit Trust Co.,* 283 Mich 304, 311.

The trial judge did not err in his original conclusions or in denying defendants' motion for a rehearing.

The decree is affirmed, with costs to appellees.

NORTH, C. J., and DETHMERS, BUTZEL, CARR, SHARPE, BOYLES, and REID, JJ., concurred.